IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EQUITRANS, L.P.,
a Pennsylvania
limited partnership,

    Plaintiff,

v.                                              Civil Action No. 1:15CV106
                                                               (STAMP)
0.56 ACRES MORE OR LESS OF
PERMANENT EASEMENT LOCATED IN
MARION COUNTY, WEST VIRGINIA,
JEFFERY J. MOORE and
SANDRA J. MOORE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING SUMMARY JUDGMENT AS TO
PLAINTIFF'S AUTHORITY TO CONDEMN**

In this condemnation action under 15 U.S.C. § 717f(h), the plaintiff filed a motion for summary judgment regarding the amount of just compensation owed to the defendants. The plaintiff argues that the defendants fail to present any evidence showing the fair market value of the property to be taken and base their valuation on irrelevant evidence. For the following reasons, the plaintiff's motion for summary judgment is granted in part and denied in part.

I.    Facts

In 1960, the plaintiff, Equitrans, L.P. ("Equitrans"), entered into a right-of-way agreement with the defendants ("the Moores") to build a pipeline under a portion of their property ("the 1960

right-of-way"). In 2012, the Moores sued Equitrans claiming that approximately 700 feet of the pipeline was built outside of the 1960 right-of-way (hereinafter referred to as "the underlying civil action"). Equitrans maintained that it constructed all portions of the pipeline within the 1960 right-of-way. Following a trial, a jury found that Equitrans' placement of two portions of the pipeline either violated the 1960 right-of-way agreement or trespassed on the Moores' property. This Court stayed execution of the judgment so that Equitrans could seek condemnation of a right-of-way through the property upon which it was found to be trespassing ("the subject right-of-way").[1] The subject right-of-way consists of two portions of the Moores' property through which the pipeline runs, totaling approximately 0.56 acres.

Equitrans then filed this condemnation action under the Natural Gas Act, 15 U.S.C. §§ 717-717w, to take the subject right-of-way. Id. § 717f(h). The parties completed discovery, and Equitrans then filed this motion for summary judgment, asking this Court to find that the amount of just compensation due is $800.00. Equitrans has also filed several motions in limine to exclude certain evidence, which this Court will decide by a separate memorandum opinion and order.

---

[1] For a detailed description, maps, and photographs of the subject right-of-way, see ECF Nos. 73, 73-1, 73-2, 73-3.

## II. Applicable Law

As an initial matter, it seems that summary judgment may be proper on the issue of just compensation. Federal Rule of Civil Procedure 71.1(h) provides that "the court tries all issues, including compensation, except when compensation must be determined . . . by any tribunal specially constituted by a federal statute to determine compensation[,] or . . . by a jury when a party demands one . . . , unless the court appoints a commission." Fed. R. Civ. P. 71.1(h). Several courts have granted summary judgment for plaintiffs in condemnation actions regarding the amount of just compensation owed where there was no genuine issue of material fact regarding the fair market value of the property to be taken. See United States v. 1.31 Acres of Land, No. 12-2845, 2013 WL 2289880, *4-5 (W.D. Tenn. May 23, 2013); Hardy Storage Co., LLC v. Prop. Interests Necessary to Conduct Gas Storage Operations in Oriskany Sandstone Subterranean Geological Formation, No. 2:07CV5, 2009 WL 689054, *5-9 (N.D. W. Va. Mar. 9. 2009); Columbia Gas Transmission Corp. v. Rodriguez, 551 F. Supp. 2d 460, 462 (W.D. Va. 2008). Further, the United States Court of Appeals for the Ninth Circuit has approved the use of summary judgment in such circumstances. See Transwestern Pipeline Co. L.L.C. v. 46.78 Acres of Permanent Easement Located in Maricopa Cnty., 473 F. App'x 778, 791 (9th Cir. 2012).

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." <u>Id.</u> If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against that party. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex</u>, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his

4

pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Moreover, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted).  The nonmoving party must produce "more than a 'scintilla'" of evidence "upon which a jury could properly proceed to find a verdict for the party producing it." Id. (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 251).

## III. Discussion

Equitrans asks this Court to enter judgment finding that just compensation in the amount of $800.00 is due.  In support of its motion, Equitrans filed a report authored by two appraisers who appraised the Moores' property and determined that the value of the subject right-of-way is $800.00.  Equitrans argues that the defendants have failed to carry their burden of proving the amount of just compensation owed.

The law of the state in which the property sits applies to determine the amount of just compensation owed.  See Bison Pipeline, LLC v. 102.84 Acres of Land, 560 F. App'x 690, 695-96 (10th Cir. 2013); Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement, 962 F.2d 1192, 1195-99 (6th Cir.

5

1992).  Accordingly, West Virginia's eminent domain law applies to the issue of just compensation in this civil action.

Under West Virginia law, just compensation is "reimbursement to the owner for the property interest taken.  [The landowner] is entitled to be put in as good a position pecuniarily as if [the] property had not been taken.  He must be made whole but is not entitled to more."  State Road Comm'n v. Bd. of Park Commn'rs of the City of Huntington, 173 S.E.2d 919, 925 (W. Va. 1970) (internal quotation marks omitted) (quoting Olson v. United States, 292 U.S. 246, 255 (1934)).  Generally, just compensation is "the value of the land taken at the time of taking, and to damages to the residue."  W. Va. Dep't of Transp., Div. of Highways v. W. Pocahontas Props., L.P., 777 S.E.2d 619, 630 (W. Va. 2015).  Fair market value is the "price for which the land could be sold in the market by a person desirous of selling to a person wishing to buy, both freely exercising prudence and intelligent judgment as to its value, and unaffected by compulsion of any kind."  Id. at 630-31 (internal quotation marks omitted).  Where "only a portion of a tract of real estate [is taken] . . . leav[ing] a smaller tract as residue, there may be damages to the residue.  The difference in the fair market value of the residue immediately before and immediately after the taking is the proper measure of just compensation."  Id. at 630. Thus, when an easement or right-of-way is taken, just compensation is (1) the market value of the

6

easement, plus (2) any damage to the residue actually occupied by the easement, plus (3) the difference between the market value of the residue not occupied by the easement immediately before and immediately after the easement is taken, less (4) any benefits accruing to the residue from the easement. Tenn. Gas Transmission Co. v. Fox, 58 S.E.2d 584, 590-91 (W. Va. 1950); Chesapeake & O. R. Co. v. Johnson, 60 S.E.2d 203, 206-07 (W. Va. 1950).

As an initial matter, the parties recently filed a stipulation agreeing that the residue of the Moores' property will not be damaged by the taking, and that the Moores do not claim any lost profits or lost income from the taking. ECF No. 74. Accordingly, the only factual issue regarding just compensation is the fair market value of the subject right-of-way. Equitrans argues that the Moores fail to carry their burden of proving just compensation because the Moores' proposed opinion testimony as to the value of their property is based on irrelevant considerations, and because the Moores present no evidence to contradict Equitrans' expert appraisal.

First, the Moores may provide their own opinion testimony as to the value of the subject right-of-way so long as those opinions are based on factors relevant to the valuation of property under West Virginia law. Under West Virginia law, "a landowner's opinion concerning the value of his land" is admissible despite its being "so far affected by bias that it amounts to little more than a

7

definite statement of the maximum figure in contention." W. Pocahontas Props., 777 S.E.2d at 642 (internal quotation marks omitted). "If . . . the landowner is permitted to testify concerning a fairly complex subject, namely the value of his own property, then it follows ineluctably that the methodology by which he arrives at his opinion is indispensable to assigning proper weight to his opinion." W. Va. Dep't of Highways v. Sickles, 242 S.E.2d 567, 570 (W. Va. 1978).

"However, the authorization for a landowner to testify is not merely the granting of permission to the litigants to act out and testify to grossly inflated value." W. Pocahontas, 777 S.E.2d at 637 (internal quotation marks omitted). "Put simply, a property owner may not base his opinion solely upon" forms of compensation that the owner is not entitled to. Id. For instance, in West Virginia Department of Transportation v. Western Pocahontas Properties, L.P., 777 S.E.2d 619 (W. Va. 2015), the West Virginia Supreme Court of Appeals concluded that a property owner was not permitted to base his personal valuation opinion solely upon "lost business profits because it suggests to the jury that the property owner is entitled to those losses." Id. (internal quotation marks omitted). Thus, the property owner's opinion must be based on factors relevant to the fair market value of the property. See Cincinnati Gas Transp. Co. v. Wilson, 73 S.E. 306, 309 (W. Va. 1911) (concluding that "a witness may not express his mere naked

opinion . . . , but must state his opinion of the value of the land before and after the construction of the railroad, in connection with the facts and circumstances relative to the land flowing from the construction of the railroad" (internal quotation marks omitted)).

To that end, "any factor that a reasonable buyer or seller would typically consider should be included in an analysis of fair market value." W. Pocahontas, 777 S.E.2d at 631. Factors that "may not reasonably be held to affect market value are excluded." Id. "[T]here are three general approaches to establishing the fair market value of real estate"; the "cost approach," the "sales comparison approach," and the "income capitalization approach." Id. at 635.

> The cost approach . . . generally consists of the calculation of a depreciated replacement cost for improvements on the land, plus the value of the land, as evidence of market value. The comparable sales or "market" approach involves, "essentially, an evaluation of similar pieces of property in the general area and the prices paid for each." And the income approach is typically used where the condemned real estate *itself* generates future income "which can be capitalized to give some fair indication of what an investor would pay for the privilege of receiving that income over some foreseeable period."

Id. (emphasis in original) (footnotes omitted). "Arm's length transactions in lands in the vicinity of and comparable to the land under appraisement, reasonably near the time of acquisition, are the best evidence of market value, but not to the extent of exclusion of other relevant evidence of value." Id. at 637.

Accordingly, the Moores may testify as to their opinions regarding the value of the right of way based upon their personal knowledge of factors a "reasonable buyer or seller would typically consider." Id. at 631. However, the Moores may not base their opinions upon allegations that Equitrans is a "terrible neighbor[]," that a "neighboring well pad caused frac water to run onto the Moores' property and endanger their cattle," that "Equitrans has moved their pipeline off of neighboring land onto the Moores' property without telling the Moores," and that Equitrans has "treated the Moores rudely and unprofessional[ly]." ECF No. 48-1 at 4. As discussed more thoroughly in this Court's memorandum opinion regarding Equitrans' motions in limine, any evidence that Equitrans is a "bad neighbor" is irrelevant to the value of the subject right-of-way being taken. Accordingly, the Moores' opinions as to the value of the subject right-of-way are relevant to the extent that they are based on their personal knowledge of factors relevant to valuation.

Second, Equitrans argues that the defendants fail to present evidence to contradict Equitrans' expert appraisal. Equitrans argues that the Moores offer only their own personal opinions as to the value of their property and that these opinions are not sufficient to contradict Equitrans' expert appraisal. In response, the defendants argue that there is a genuine issue of material fact regarding the credibility of one of Equitrans' expert appraisers

10

based on evidence the Moores intend to present to impeach that appraiser's character for truthfulness. At this time, this Court does not believe it is necessary to rule on this credibility issue, as this Court finds that the Moores' opinion testimony as to comparable sales along with other relevant evidence is sufficient to create a genuine issue of material fact as to the value of the subject right-of-way.

In considering Equitrans' motion for summary judgment, this Court may consider any material that would be admissible or usable at trial. Lyons v. Lancer Ins. Co., 681 F.3d 50, 57 (2d Cir. 2012); Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993); Brown v. Trans World Airlines, Inc., 746 F.2d 1354, 1358 (8th Cir. 1984); see also 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure § 2721 (3d ed. 1998). In response to Equitrans' motions in limine, the Moores presented several pipeline right-of-way agreements between Equitrans and other property owners. See ECF Nos. 59-2, 59-3, 59-4, 59-5, 59-6. In these agreements, Equitrans agreed to pay the property owners various sums of money well above $800.00. To the extent that these properties are shown to be comparable to the subject right-of-way and close in time to the taking, these transactions are relevant to the value of the subject right-of-way. Based on the Moores' opinions and evidence of Equitrans' acquisition of other pipeline rights-of-way in the area,

11

a reasonable jury could find that the amount of just compensation due to the Moores exceeds $800.00. Thus, a genuine issue of material fact exists as to that issue.

IV. Conclusion

This Court finds that a genuine issue of material fact exists regarding the fair market value of the subject right-of-way using a comparable sales or market approach. However, this Court also finds that the defendants' proposed opinion testimony is not sufficient to prove the fair market value of the subject right-of-way as a matter of law to the extent that it is based on evidence or allegations of Equitrans being a "terrible neighbor[]," that a "neighboring well pad caused frac water to run onto the Moores' property and endanger their cattle," that "Equitrans has moved their pipeline off of neighboring land onto the Moores' property without telling the Moores," or that Equitrans has "treated the Moores rudely and unprofessional[ly]." ECF No. 48-1 at 4. Accordingly, the plaintiff's motion for summary judgment (ECF No. 48) is GRANTED IN PART and DENIED IN PART.

Further, the parties filed a stipulation agreeing that the plaintiff has authority under 15 U.S.C. § 717f(h) to exercise the power of eminent domain over the subject right-of-way, while preserving for any appeal the defendants' objections stated in their pleadings and a prior motion to dismiss. ECF No. 75. Accordingly, this Court GRANTS summary judgment regarding the

plaintiff's authority to condemn the subject right-of-way, and under Rule 56(g) that fact shall be treated as established in this case.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    July 22, 2016

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE