IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EQUITRANS, L.P.,
a Pennsylvania
limited partnership,

    Plaintiff,

v.                                             Civil Action No. 1:15CV106
                                                        (STAMP)
0.56 ACRES MORE OR LESS OF
PERMANENT EASEMENT LOCATED IN
MARION COUNTY, WEST VIRGINIA,
JEFFERY J. MOORE and
SANDRA J. MOORE,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
REGARDING PLAINTIFF'S MOTIONS IN LIMINE</u>**

The plaintiff, Equitrans, L.P. ("Equitrans"), has filed six motions in limine to preclude the defendants ("the Moores") from presenting certain evidence. The trial in this civil action is scheduled to commence on August 9, 2016. This Court will address those motions in limine and set forth its findings, as discussed below.[1]

1. <u>Motion in Limine to Preclude Opinion Testimony</u> (ECF No. 51) - GRANTED IN PART AS FRAMED AND DENIED IN PART.

Equitrans asks this Court to preclude the Moores from providing any opinion testimony regarding the value of the 0.56 acres of permanent easement to be condemned ("the subject right-of-

---

[1]For a more thorough background of this civil action, see ECF Nos. 15, and 77.

way")[2] because it is based on irrelevant considerations. Specifically, Equitrans argues that the Moores base their opinions upon allegations that Equitrans is a "terrible neighbor[]," that a "neighboring well pad caused frac water to run onto the Moores' property and endanger their cattle," that "Equitrans has moved their pipeline off of neighboring land onto the Moores' property without telling the Moores," and that Equitrans has "treated the Moores rudely and unprofessional[ly]." ECF No. 48-1 at 4. The Moores argue that under West Virginia law a landowner's opinion regarding the value of his property is admissible to prove the fair market value in a condemnation action.

Under West Virginia law, "a landowner's opinion concerning the value of his land" is admissible despite its being "so far affected by bias that it amounts to little more than a definite statement of the maximum figure in contention." W. Va. Dep't of Transp., Div. of Highways v. W. Pocahontas Props., L.P., 777 S.E.2d 619, 642 (W. Va. 2015) (internal quotation marks omitted). "If . . . the landowner is permitted to testify concerning a fairly complex subject, namely the value of his own property, then it follows ineluctably that the methodology by which he arrives at his opinion is indispensable to assigning proper weight to his opinion." W.

---

[2]For a detailed description, maps, and photographs of the subject right-of-way, see ECF Nos. 73, 73-1, 73-2, 73-3.

Va. Dep't of Highways v. Sickles, 242 S.E.2d 567, 570 (W. Va. 1978).

"However, the authorization for a landowner to testify is not merely the granting of permission to the litigants to act out and testify to grossly inflated value." W. Pocahontas, 777 S.E.2d at 637 (internal quotation marks omitted). "Put simply, a property owner may not base his opinion solely upon" forms of compensation that the owner is not entitled to. Id. Thus, the property owner's opinion must be based on factors relevant to the fair market value of the property. See Cincinnati Gas Transp. Co. v. Wilson, 73 S.E. 306, 309 (W. Va. 1911) (concluding that "a witness may not express his mere naked opinion . . . , but must state his opinion of the value of the land before and after the construction of the railroad, in connection with the facts and circumstances relative to the land flowing from the construction of the railroad" (internal quotation marks omitted)).

"[A]ny factor that a reasonable buyer or seller would typically consider should be included in an analysis of fair market value." W. Pocahontas, 777 S.E.2d at 631. Thus, the Moores may provide their opinion testimony regarding the value of the right of way so long as those opinions are based on factors relevant to the valuation of property under West Virginia law. However, the Moores' allegations that Equitrans is a "terrible neighbor" are irrelevant to the market value of the subject right-of-way. Thus,

the Moores' opinion testimony is excluded to the extent that it is based on allegations that Equitrans is a "terrible neighbor[]," that a "neighboring well pad caused frac water to run onto the Moores' property and endanger their cattle," that "Equitrans has moved their pipeline off of neighboring land onto the Moores' property without telling the Moores," and that Equitrans has "treated the Moores rudely and unprofessional[ly]." ECF No. 48-1 at 4.

2. <u>Motion in Limine to Preclude Evidence of the Purchase Price for Other Properties</u> (ECF No. 52) - DENIED AS FRAMED.

Equitrans asks this Court to preclude any evidence of "the purchase price that Equitrans has paid for other properties including other properties located in Marion County, West Virginia." ECF No. 52 at 3. Equitrans argues that these properties have "no tendency to prove the fair market value of the Defendants' particular property" because they are not comparable "in size, location, use[,] or topography." ECF No. 52 at 3-4. In response to Equitrans' motions in limine, the Moores presented several pipeline right-of-way agreements between Equitrans and other property owners, which they argue are relevant because they represent bona fide purchases of comparable property rights. <u>See</u> ECF Nos. 59-2, 59-3, 59-4, 59-5, 59-6.

"Arm's length transactions in lands in the vicinity of and comparable to the land under appraisement, reasonably near the time

4

of acquisition, are the best evidence of market value, but not to the extent of exclusion of other relevant evidence of value." W. Pocahontas Props., 777 S.E.2d at 637. Thus, to the extent that the right-of-way sales the Moores seek to introduce as evidence are comparable to the subject right-of-way, those sales are relevant to the fair market value of the subject right-of-way. Accordingly, Equitrans' motion is denied to the extent that the right-of-way sales the Moores seek to introduce as evidence involve properties that are comparable to the subject right-of-way.

3. <u>Motion in Limine to Preclude Evidence of Damage to Defendants' Property Allegedly Caused by Neighboring Well Pad</u> (ECF No. 53) – GRANTED.

Equitrans argues that this Court should preclude any evidence that a well pad on property neighboring the Moores' property leaked "frac water" on to the Moores' property and damaged it. Equitrans argues that this evidence is irrelevant to a determination of the value of the subject right-of-way, and that the well pad is owned and operated by an entity that is not a party to this action. In response, the Moores argue that the alleged damage has devalued their property, and that the conduct of neighbors affecting property value is relevant to a determination of the fair market value of condemned property.

As discussed above, evidence that a neighboring well pad, operated by an entity related to Equitrans, caused damaged to the

Moores' property is not relevant to a determination of the value of the subject right-of-way. It may be relevant to a determination of the value of the entirety of the Moores' property in that it tends to diminish its value. However, the value of the Moores' property as a whole is irrelevant here, especially where the parties have stipulated that the taking will cause no damage to the residue. Further, even if the evidence is relevant to valuing the subject right-of-way, its probative value to that effect is minimal and it creates a high risk of causing unfair prejudice to Equitrans and of confusing the jury. Thus, assuming the evidence is relevant, it should be excluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury. Accordingly, Equitrans' motion in limine is granted.

4. <u>Motion in Limine to Preclude Evidence that the Value of the Property Exceeds $40,000</u> (ECF No. 54) - GRANTED AS FRAMED.

Equitrans asks this Court to preclude the Moores from presenting evidence that the value of the subject right-of-way exceeds $40,000 because the Moores stated in the responses to interrogatories and deposition testimony that they value the property at $40,000. The Moores argue that evidence regarding other pipeline rights-of-way Equitrans has purchased for more than $40,000 are admissible as comparable sales and that the Moores themselves will "only . . . testify that they value the property at

$40,000." ECF No. 62 at 3. Thus, the Moores concede that they will not personally testify to a valuation of the subject right-of-way exceeding $40,000. Accordingly, Equitrans' motion is granted to the extent that the Moores seek to testify that in their opinions the subject right-of-way is valued at more than $40,000. Further, in accordance with this Court's ruling regarding Equitrans' motion in limine to preclude evidence of the purchase price of other properties, any evidence of those purchases are relevant to the extent that those properties are comparable to the subject right-of-way.

5. <u>Motion in Limine to Preclude Evidence of the Jury's Finding of Breach of Contract or Trespass in the Prior Action</u> (ECF No. 55) - DEFERRED.

Equitrans asks this Court to preclude the Moores from presenting evidence regarding the jury's verdict in the prior action for breach of contract and trespass. In response, the Moores argue that the prior verdict is relevant to a determination of when the taking occurred. This Court believes that the parties may fashion a stipulation regarding this evidence and how the procedural posture of this civil action will be presented to the jury, and this Court believes it will be beneficial for the parties to discuss this issue with this Court at the scheduled pretrial hearing. Accordingly, this Court defers ruling on Equitrans' motion at this time.

6. <u>Motion in Limine to Preclude Evidence of Alleged Criminal Conduct of Brandon Wise</u> (ECF No. 56) – DEFERRED

Equitrans asks this Court to preclude the Moores from introducing any evidence regarding alleged criminal conduct of Brandon Wise or of his reprimand by the West Virginia Real Estate Appraiser Licensing and Certification Board. Specifically, Equitrans argues that this evidence may only be admissible to attack Brandon Wise's character for truthfulness, but Brandon Wise's character for truthfulness will not be at issue because Equitrans does not intend to call him as a witness. In response, the Moores argue that Brandon Wise significantly contributed to Equitrans' expert appraisal report, and that this evidence is relevant to impeach him to the extent that he contributed to the report. Because it is unclear whether Brandon Wise will testify at trial, this Court believes it will be beneficial for the parties to discuss this issue with this Court at the scheduled pretrial hearing. Accordingly, this Court defers ruling on Equitrans' motion at this time.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     July 22, 2016

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE