IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


EQUITRANS, L.P.,
a Pennsylvania
limited partnership,

       Plaintiff,

v.                              Civil Action No. 1:15CV106
                                            (STAMP)
0.56 ACRES MORE OR LESS OF
PERMANENT EASEMENT LOCATED IN
MARION COUNTY, WEST VIRGINIA,
JEFFERY J. MOORE and
SANDRA J. MOORE,

       Defendants.


**MEMORANDUM OPINION AND ORDER
REGARDING PLAINTIFF'S REMAINING MOTIONS IN LIMINE**

The plaintiff, Equitrans, L.P. ("Equitrans"), filed six motions in limine to preclude the defendants ("the Moores") from presenting certain evidence. Previously, this Court ruled on Equitrans' motions in limine, and deferred ruling on two of those motions. This Court will address those remaining motions in limine and set forth its findings, as discussed below.[1]

1.  <u>Motion in Limine to Preclude Evidence of the Jury's Finding of Breach of Contract or Trespass in the Prior Action</u> (ECF No. 55) – DENIED AS MOOT

Equitrans asks this Court to preclude the Moores from presenting evidence regarding the jury's verdict in the prior

---

[1]For a more thorough background of this civil action, see ECF Nos. 15 and 77.

action for breach of contract and trespass. In response, the Moores argue that the prior verdict is relevant to a determination of when the taking occurred. This Court previously expressed its belief that the parties may fashion a stipulation regarding this evidence and how the procedural posture of this civil action will be presented to the jury. The issue was discussed at the pretrial conference, and this Court requested that Equitrans file a proposed summary of facts regarding the prior action for breach of contract and trespass and that the Moores file any objections they may have to that summary. Equitrans filed its proposed summary of facts (ECF No. 89), and the Moores did not file any objections to that summary. This Court accepts Equitrans' proposed summary (ECF No. 89) as the parties' stipulation of facts regarding the prior action for breach of contract and trespass. Accordingly, Equitrans' motion in limine to preclude evidence of the jury's finding of breach of contract or trespass in the prior action is denied as moot.

2. <u>Motion in Limine to Preclude Evidence of Alleged Criminal Conduct of Brandon Wise</u> (ECF No. 56) – GRANTED

Equitrans asks this Court to preclude the Moores from introducing any evidence regarding alleged criminal conduct of Brandon Wise or of his reprimand by the West Virginia Real Estate Appraiser Licensing and Certification Board. At the pretrial conference, Equitrans represented that it will not call Brandon

Wise as a witness.  The Moores represented that they intended to present evidence of Brandon Wise's alleged criminal conduct and his reprimand to attack his character for truthfulness and to attack the credibility of the appraisal report.

Equitrans argues that this evidence may only be admissible to attack Brandon Wise's character for truthfulness, but Brandon Wise's character for truthfulness should not be at issue because Equitrans does not intend to call him as a witness.  In response, the Moores argue that Brandon Wise significantly contributed to Equitrans' expert appraisal report, and that this evidence is relevant to impeach him to the extent that he contributed to the report.

Federal Rule of Evidence 404 provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1). Because a witness's character for truthfulness is always at issue, any party may attack a witness's character for truthfulness in accordance with Rules 607, 608, and 609.  Fed. R. Evid. 404(a)(3). However, because Brandon Wise will not testify as a witness, his character for truthfulness as a witness should not be at issue. Thus, the evidence is not admissible to attack his character for truthfulness under Rules 607, 608, or 609.

Nevertheless, the Moores argue that Brandon Wise significantly contributed to Equitrans' expert appraisal report, and that this evidence is relevant to impeach Brandon Wise to the extent that he contributed to the report. However, the Federal Rules of Evidence simply do not provide an exception to Rule 404's ban on character evidence if Brandon Wise does not testify as a witness. Accordingly, Equitrans' motion in limine to preclude evidence of alleged criminal conduct of Brandon Wise and his reprimand by the West Virginia Real Estate Appraiser Licensing and Certification Board is granted.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     October 18, 2016


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE