IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EQUITRANS, L.P.,
a Pennsylvania
limited partnership,

    Plaintiff,

v.                                         Civil Action No. 1:15CV106
                                                          (STAMP)
0.56 ACRES MORE OR LESS OF
PERMANENT EASEMENT LOCATED IN
MARION COUNTY, WEST VIRGINIA,
JEFFERY J. MOORE and
SANDRA J. MOORE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**REGARDING PARTIES' OBJECTIONS TO PROPOSED EXHIBITS**

The plaintiff, Equitrans, L.P. ("Equitrans"), has filed objections to certain of the defendants' proposed exhibits, and the defendants ("the Moores") have filed objections to certain of the plaintiff's proposed exhibits. The trial in this civil action is scheduled to commence on January 18, 2017. This Court will address the parties' objections and set forth its findings, as discussed below.[1]

1. <u>Defendants' Objection</u> (ECF No. 94) – OVERRULED AS FRAMED

Equitrans proposes to introduce as evidence two appraisals of the property to be condemned completed by Equitrans's designated expert witness Douglas Wise ("Wise") and identified as Plaintiff's

---

[1]For a more thorough background of this civil action, see ECF Nos. 15, and 77.

Exhibit Nos. 1 and 2. <u>See</u> ECF No. 76. The Moores object to these exhibits as inadmissible hearsay under Federal Rule of Evidence 802. In response, Equitrans argues that the appraisals will be labeled as exhibits only for identification and that they will be used only to refresh Wise's recollection if necessary during his trial testimony, and may be admitted as a recorded recollection if he is unable to recall the relevant facts. Further, Equitrans argues that the "factual information, including . . . the photographs, maps, and information related to comparable sales," contained in the appraisals is admissible. ECF No. 110 at 2.

An out-of-court statement that is offered "to prove the truth of the matter asserted in the statement" is inadmissible. Fed. R. Evid. 801(c), 802. Generally, expert reports prepared for litigation are inadmissible hearsay. <u>See</u> <u>N5 Techs. LLC v. Capital One N.A.</u>, 56 F. Supp. 3d 755, 765 (E.D. Va. 2014). However, Equitrans represents that it will not seek to introduce these reports as evidence, but only as potential aids for their expert witness under Rules 803(5) and 612. Accordingly, to the extent that Equitrans seeks to use these reports only to refresh Wise's recollection or as a recorded recollection if necessary, the defendants' objection is OVERRULED AS FRAMED.

2. <u>Plaintiff's Objection</u> (ECF No. 96) – OVERRULED

The Moores propose to introduce several purchase and sale agreements for pipeline rights-of-way, identified as Defendants'

Exhibit Nos. 2 through 6. See ECF No. 82. Equitrans objects to these sales on the ground that they are irrelevant and inadmissable under Rules 401, 402, and 403. Specifically, Equitrans argues that these sales are irrelevant because they are not comparable to the right-of-way being condemned in this civil action, as they cover much more and different property than that of the Moores. Further, Equitrans argues that portions of these sales prices included "prepaid damages releases," which they argue must be excluded to avoid confusing or misleading the jury into believing the Moores are entitled to monetary damages in this civil action.

West Virginia's substantive law applies to determine the amount of just compensation owed to the Moores. See Bison Pipeline, LLC v. 102.84 Acres of Land, 560 F. App'x 690, 695-96 (10th Cir. 2013); Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement, 962 F.2d 1192, 1195-99 (6th Cir. 1992). Under West Virginia law, "[a]rm's length transactions in lands in the vicinity of and comparable to the land under appraisement, reasonably near the time of acquisition, are the best evidence of market value, but not to the extent of exclusion of other relevant evidence of value." W. Va. Dep't of Transp., Div. of Highways v. W. Pocahontas Props., L.P., 777 S.E.2d 619, 637 (W. Va. 2015). "[E]vidence of the price paid for property which is comparable to the property being condemned is admissible, if the following conditions are satisfied:" (1) the sale was "bona fide";

3

(2) the sale was "voluntary, not forced"; (3) the same "occurred relevantly in point of time"; and (4) the sale "cover[s] property which is comparable to the property being condemned." Harrison Cnty. Bd. of Educ. v. Ten-A-Coal Co., 459 S.E.2d 349, 351 (W. Va. 1995).

Equitrans's objection rests only on the comparability factor. Although the sales involve easements through significantly more land for pipes of a larger diameter than those at issue in this civil action, these sales are otherwise substantially comparable to the Moores' property. Just like the pipeline here, these sales were for rights-of-way to place underground pipelines through rural land in Marshall County, West Virginia. West Virginia law does not require that the sales be a perfect match to the property being condemned, only that they be comparable. These sales are sufficiently comparable to be relevant to a determination of just compensation. Accordingly, Equitrans's objection is OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: January 11, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE