IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EQUITRANS, L.P.,
a Pennsylvania
limited partnership,

    Plaintiff,

v.                                                          Civil Action No. 1:15CV106
                                                                            (STAMP)

0.56 ACRES MORE OR LESS OF
PERMANENT EASEMENT LOCATED IN
MARION COUNTY, WEST VIRGINIA,
JEFFERY J. MOORE and
SANDRA J. MOORE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO AMEND**
**THE JUDGMENT AND AMENDING JUDGMENT**

I.   Procedural History

This is a condemnation action brought under the Natural Gas Act, 15 U.S.C. § 171f(h). After a trial on the issue of just compensation owed to the defendants ("the Moores"), the jury returned a verdict of $5,000. The Moores then filed a motion under Federal Rule of Civil Procedure 59(e) to amend the judgment. ECF No. 118. Specifically, the Moores request the addition of prejudgment interest to the amount of the judgment. The plaintiff, Equitrans, L.P. ("Equitrans"), filed a response in which it agrees that the Moores should receive prejudgment interest at a rate of 7% per annum. For the following reasons, the Moores' motion is granted and the judgment is amended.

## II. Discussion

Where a cause of action arises out of federal law, federal law governs the potential remedies, including the availability and rate of prejudgment interest. Monessen Sw. Ry. Co. v. Morgan, 486 U.S. 330, 335 (1988); see also Carpenters Dist. Counsel of New Orleans & Vicinity v. Dillard, 15 F.3d 1275, 1288 (5th Cir. 1994). The general federal interest statute does not provide for prejudgment interest. See 28 U.S.C. § 1961. Thus, to determine whether prejudgment interest should be awarded, courts must determine whether the federal statute creating the cause of action precludes prejudgment interest. Morgan, 486 U.S. at 336-39; Dillard, 15 F.3d at 1288. If prejudgment interest is not precluded by statute, then the court must consider whether prejudgment interest will further the congressional policies underlying the statute. Dillard, 15 F.3d at 1288. If so, then the court has discretion to award prejudgment interest. Id.

This condemnation arises under the Natural Gas Act, 15 U.S.C. § 717-717w. The Natural Gas Act's condemnation provision, 15 U.S.C. § 717f(h), does not expressly permit or prohibit an award of prejudgment interest. Congress originally intended for courts to apply the practice and procedure for condemnation action of the state in which the property sits. This mandate has been abrogated by the addition of Rule 71.1 (formerly 71A) in the Federal Rules of Civil Procedure. However, the substantive law of the state in

2

which the property sits still applies to determine the just compensation owed. See Bison Pipeline, LLC v. 102.84 Acres of Land, 560 F. App'x 690, 695-96 (10th Cir. 2013); Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement, 962 F.2d 1192, 1195-99 (6th Cir. 1992). West Virginia's eminent domain law provides for the award of prejudgment interest as part of just compensation. W. Va. Code § 54-2-12. Similarly, federal law in direct condemnation actions provides for an award of prejudgment interest as part of just compensation. See United States v. Eltzroth, 124 F.3d 632 (4th Cir. 1997). Further, this Court has previously awarded prejudgment interest in condemnation actions brought under the Natural Gas Act. See Hardy Storage Co., LLC v. Prop. Interests Necessary to Conduct Gas Storage Operations in Oriskany Sandstone Subterranean Geological Formation Beneath, No. 2:00CV5, 2009 WL 689054 (N.D. W. Va. Mar. 9, 2009). Thus, this Court finds that prejudgment interest should be awarded to fully compensate the Moores for the taking of their property. Further, this Court finds that it is appropriate to apply West Virginia's prejudgment interest provisions.

West Virginia Code § 56-6-31(b) provides that the prejudgment interest rate is "three percentage points above the Fifth Federal Reserve District secondary discount rate in effect on the second day of January of the year in which the judgment . . . is entered" but that the rate "shall not exceed eleven percent per annum or be

3

less than seven percent per annum." W. Va. Code § 56-6-31(b). The West Virginia Supreme Court of Appeals annually determines the applicable interest rate for judgments entered during each calendar year. Id. For 2017, the West Virginia Supreme Court of Appeals set the interest rate at 7% per annum. See Administrative Order (W. Va. Jan. 5, 2017), available at http://www.courtswv.gov/legal-community/pdfs/interest2017.pdf. The date of condemnation was June 18, 2015 and the judgment in this civil action was effective on January 18, 2017. Thus, interest shall have accrued for 580 days at a rate of 7% per annum. Accordingly, the Moores are entitled to $556.16 in accrued prejudgment interest.[1] The Clerk is DIRECTED to enter an amended judgment in the amount of $5,556.16.

### III. Conclusion

For the above reasons, the Moores' motion to amend the judgment under Rule 59(e) (ECF No. 118) is GRANTED. Accordingly, the Clerk is DIRECTED to enter an amended judgment in the amount of $5,556.16.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of

---

[1] This Court applied the following calculation: 5,000 x (0.07/365) x 580 = 556.16. In its response, Equitrans calculated the amount of interest owed as 556.80. That calculation appears to be incorrect.

4

the United States Court of Appeals for the Fourth Circuit regarding the Moores' notice of appeal filed in this civil action on February 17, 2017 (ECF No. 119). The Clerk is further DIRECTED to prepare an amended judgment in accordance with this memorandum and order.

DATED: April 21, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE